IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAMONTE TAYLOR,<br><br>　　　　　　　Plaintiff<br><br>　　VS.<br><br>HILTON HALL, Warden,<br><br>　　　　　　　Defendant | **NO. 5:07-CV-174 (CAR)**<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

On October 15, 2008, the undersigned issued an order which directed plaintiff LAMONTE TAYLOR to SHOW CAUSE as to why his case should not be dismissed for failure to prosecute the action. Tab #17. Plaintiff was cautioned that his failure to respond would result in a recommendation of dismissal. The order directed plaintiff to comply on or before October 31, 2008. That time period has passed without a response being filed by plaintiff.

In the court's order of June 26, 2008 (Tab #10), plaintiff was advised, *inter alia*, of the following:

### DUTY TO ADVISE OF ADDRESS CHANGE

*During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!*

### DUTY TO PROSECUTE ACTION

*Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.*

On March 19, 2008, plaintiff TAYLOR was directed to file a response to defendants' Motion for Dismiss (Tab #15). Tab #16. The court's order was sent to the address provided by plaintiff. Plaintiff failed to file a response within the time allowed or since. After the deadline to respond passed, the undersigned issued the aforementioned Show Cause Order. Tab #17.

Clearly, plaintiff TAYLOR has failed to comply with the court's order of June 26, 2008, requiring him to diligently prosecute his case. Likewise, he has failed to respond to the court's Order to Respond to the defendant's Motion to Dismiss as well as the court's Show Cause Order.

Under the these circumstances, IT IS RECOMMENDED that this action be DISMISSED *with prejudice.* Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The Clerk is directed to serve the plaintiff with a copy of this order by mailing it to him at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 17th day of NOVEMBER, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE